STATE OF WEST VIRGINIA

**In Re: L.S.-I, L.S.-II, and L.S.-III**

**No. 13-0001** (Braxton County 11-JA-11, 12 and 17)

**FILED**

**May 24, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**MEMORANDUM DECISION**

Petitioner Mother filed this appeal, by counsel Jonathan Fittro, from the Circuit Court of Braxton County, which terminated her parental rights by order entered on December 5, 2012. The guardian ad litem for the children,[1] David Karickhoff, has filed a response supporting the circuit court's order. The Department of Health and Human Resources ("DHHR"), by its attorney Angela Alexander Walters, has also filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In February of 2011, the DHHR filed its petition initiating the instant abuse and neglect case. This petition alleged the parents' abuse and neglect of the children through their drug use and operation of a methamphetamine laboratory located in an outbuilding on their property.[2] The circuit court granted both parents improvement periods and extensions to these improvement periods. The conditions of Petitioner Mother's improvement period directed her to complete inpatient drug rehabilitation, submit to random drug tests, and to acquire suitable housing. Upon hearing the case for disposition in September of 2012, the circuit court found that Petitioner Mother had not complied with the terms and conditions of her improvement period. The circuit court terminated Petitioner Mother's parental rights to the subject children by its order entered in December of 2012. It is from this order that petitioner appeals.

Petitioner Mother argues that the circuit court erred in terminating her parental rights in light of it only terminating the custodial rights of the children's father. She asserts that this termination was not necessary for the children to achieve permanency or to promote the children's best interests. In response, the children's guardian ad litem and the DHHR contend that the circuit court properly terminated Petitioner Mother's parental rights to the children. They

---

[1] Because all of the children in this case have the same initials, we have distinguished each of them using numbers I, II, and III after their initials in this Memorandum Decision. The circuit court case numbers also serve to distinguish each child.

[2] The DHHR filed an amended petition in June of 2012 to include the youngest child, L.S.-III, who was born shortly before the amended petition was filed. The amended petition also alleged several drug screens in which Petitioner Mother yielded results positive for drugs.

highlight that Petitioner Mother continued to yield drug screens that were positive for controlled substances and bath salts. Moreover, respondents assert that Petitioner Mother's termination is independent of the children's father and of his termination of rights.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Upon our review, the Court finds no error in the circuit court's termination of Petitioner Mother's parental rights. The record on appeal reflects that the circuit court laid out specific conditions for Petitioner Mother to remain off of drugs and to participate in drug testing as part of her improvement period. Yet, Petitioner Mother continued to test positive for drugs and was sporadic with treatment and services. We find that the circuit court was presented with sufficient evidence upon which it based findings that there was no reasonable likelihood to believe that conditions of abuse and neglect could be substantially corrected in the near future, and that termination was necessary for the children's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon such findings.

For the foregoing reasons, we affirm the circuit court's order terminating petitioner's parental rights to the subject children.

Affirmed.

**ISSUED:** May 24, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

2